UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOSEPH DAVIS, SR, )<br>    Plaintiff, )<br>)<br>V. )<br>)<br>MIDDLESEX SUPERIOR COURT, ET AL., )<br>    Defendants. ) | CIVIL ACTION NO. 11-10276-NG |

## MEMORANDUM AND ORDER

GERTNER, D.J.

On January 31, 2011, Plaintiff, Michael Joseph Davis ("Davis"), a prisoner in custody at the Billerica House of Correction, filed a self-prepared civil rights Complaint complaining of various adverse conditions of confinement, including the lack of proper medical treatment. Thereafter, on February 9, 2011, Davis filed an Amended Complaint challenging both his state criminal prosecution and re-asserting claims regarding his medical care.

On March 10, 2011, this Court issued a Memorandum and Order (Docket No. 4) declining to construe this matter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, directing that should Davis wish to seek habeas relief, he needed to submit a separate petition along with the $5.00 filing fee or an application for a waiver thereof. Additionally, Davis was directed to demonstrate good cause why he should not be considered a three-strikes litigant under 28 U.S.C. § 1915(g) (making him ineligible to proceed with this civil action without prepayment of the $350.00 filing fee). Further, Davis was directed to file a Second Amended Complaint curing the pleading deficiencies in his Complaint (as amended). Finally, this Court declined to appoint *pro bono* counsel for Davis.

In response to the Memorandum and Order, on March 30, 2011, Davis filed a Second Amended Complaint (with various attachments, including an *in forma pauperis* application,

prison account statements, various administrative grievances, responses, and sick-call slips) (Docket No. 6), and a Letter (Docket No. 7) indicating that he requested a certified prison account statement. In the Second Amended Complaint, Davis again seeks *pro bono* counsel. His asserts claims based on: (1) the denial of necessary medical care with respect to his diabetes and insulin problems; (2) the issuance of hydrocortisone anti-itch cream (causing him severe skin irritations), rather than the proper dry-skin lotion; (3) the denial of his request for diabetic Halal meals; (4) the denial of free exercise of religion after he declared himself to be a Muslim; and (5) retaliation for assertion of First Amendment rights.

In Count I, Davis asserts claims for deliberate indifference to a serious medical need regarding his diabetic condition. Count II asserts deliberate indifference claims with respect to his dry skin condition. Count III alleges § 1983 civil rights claim for the denial of free exercise of religion based on the failure to receive Halal food, and the failure of the prison to provide him with sufficient information regarding how the Halal food is being prepared, and by whom. He vaguely asserts that he is not being provided with equal religious rights afforded to Jewish inmates receiving Kosher food. Count IV is unclear, but he appears to claim that the defendant (unidentified) is denying him access to medical or mental health care, and thwarting his efforts to obtain medical care assistance in connection with daily medications. Count V alleges retaliation for the exercise of his constitutional rights, alleging a retaliatory cell search, destruction of property (*e.g.,* his Holy Qur'an was thrown in the toilet), and verbal assault and harassment by a prison guard (Officer McGrath).

Davis seeks an Order directing the Middlesex County Jail and House of Correction to adequately address his medical needs and to provide a safe environment to him. He also seeks a

preliminary injunction to address his dry skin condition (by providing proper skin medication/lotion) and his diabetic condition (by providing blood-sugar testing three times per day, as well as Halal diabetic meals), as well as an Order that he may exercise his religious rights. In addition, Davis seeks an Order prohibiting retaliation, as well as a restraining Order against Officer McGrath forbidding any contact with him.

## DISCUSSION

I.  Exemption From Application of the Three-Strikes Rule of 28 U.S.C. § 1915(g)

Although Davis has not responded specifically to this Court's directive to show cause why he should not be considered a three-strikes litigant (and therefore ineligible to proceed *in forma pauperis*), a fair reading of the Second Amended Complaint setting forth dire circumstances with respect to his medical care for both his skin condition and his diabetic condition provides sufficient justification for this Court to find, at least preliminarily, that Davis may proceed with this action *in forma pauperis* because he is exempted from application of the three-strikes rule of 28 U.S.C. § 1915(g). The exemption is based on the implied allegations that he is in imminent danger of serious physical harm because of his medical condition and the fear of harm from retaliation. Moreover, the Court finds that Davis is exempted from the three-strikes rule because, at its core, the relief sought by Davis is to ameliorate that danger.

Accordingly, this Court would permit Davis leave to proceed *in forma pauperis* at this time, finding that he cannot afford to pay the filing fee and thus financially qualifies. Accordingly, Davis's request for leave to proceed *in forma pauperis* is <u>ALLOWED</u>; however because Davis is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to § 1915(b).

In light of this, it is hereby Ordered that:

Plaintiff has been without funds for six months and is currently without funds. Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account until the statutory filing fee of $ 350.00 has been paid in full.[1]

Davis has filed a number of other civil actions in this Court.[2] In light of Davis's prior litigation history, this Order regarding the filing fee is made apart from any other assessments that have been or will be made in other civil actions filed by Davis. For purposes of clarification for crediting any funds received from Davis, and to facilitate proper record-keeping by the Treasurer's Office at the Billerica House of Correction and by the District Court Clerk's Office Accounting Department, this Court intends that any funds received from Davis's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915(b).[3]

II.  Failure to Identify Proper Defendant(s) to this Action; Dismissal of Defendants and Substitution of Superintendent at the Defendant

---

[1] A manual review of Davis's prison account indicates that 20% of his six-month average monthly deposit is less than $.01. Additionally, Davis has no funds, and owes a prior filing fee assessment. In light of this, the Court declines to assess any initial partial filing fee.

[2] See, e.g., Davis v. Middlesex Sheriff's Department, C.A. 09-11453-DWP; Davis v. Newton District Court, et al., C.A. 09-11210-RGS; Davis v. Middlesex Sheriff's Office, C.A. 09-11209-EFH; and Davis v. McDonald, et al., C.A. 10-10040-RGS.

[3] In other words, following the standard practice of this Court, Davis's filing fee obligation in this action shall be collected consecutively, and not simultaneously, with any prior filing fee obligation imposed by any court. See Ruston v. NBC Television, No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001). See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the Courts of Appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

In his Second Amended Complaint, Davis fails to identify the proper Defendant(s) to this action. Indeed, he does not identify any Defendants in the Second Amended Complaint, and the allegations contained in the body of the pleading indicate that his claims relate wholly to prison conditions.

In his Amended Complaint (Docket No. 2) previously filed on February 9, 2011, Davis named in the caption of the case, the Woburn Superior Court and the Middlesex Superior Court, in presenting habeas-type claims. In his original Complaint filed on January 31, 2011 (Docket No. 1), Davis named the Middlesex Superior Court and the Billerica House of Correction.

None of these named Defendants may be held liable under 42 U.S.C. § 1983 for Davis's conditions of confinement. First, to the extent that Davis asserts any civil rights claims against the Woburn Superior Court and the Middlesex Superior Court, such claims are barred by the Eleventh Amendment of the United States Constitution. This amendment [4] generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). These courts are part of the judicial branch of the state government and therefore are arms of the state. The Commonwealth of Massachusetts has not waived its immunity nor has Congress has overridden it with regards to

---

[4]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

the claims raised by Davis.  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity).

Second, the Billerica House of Correction is not a suable entity under § 1983.  Moreover, to the extent that Davis seeks to assert civil rights claims against it because of the actions or inactions of prison staff or medical personnel, as noted in this Court's earlier Memorandum and Order, the claims are not cognizable because there is no *respondeat superior* liability under § 1983.

In light of all of this, the Court is faced with a conundrum.  On the one hand, this action is subject to dismissal for failure to state a claim upon which relief may be granted with respect to the named Defendants.  On the other hand, jurisprudential considerations require that this action proceed without further delay, to address the issues of Davis's medical care as expeditiously as possible.  Accordingly, this Court DISMISSES without prejudice all claims against the Woburn Superior Court, the Middlesex Superior Court, and the Billerica House of Correction, and Orders that Billerica House of Correction Superintendent Patrick Murphy[5] shall be SUBSTITUTED as a Defendant in this action for the purposes of responding to the allegations in the Second Amended Complaint.  This is without prejudice to this Defendant filing any appropriate motions for relief from this Memorandum and Order, and without prejudice to Davis filing a Motion for Leave to Amend the Second Amended Complaint to name additional parties (proper Defendants) to this action.  Davis may not, however, expand the scope of this

---

[5]The contact information for Superintendent Murphy is the Middlesex House of Correction, 269 Treble Cove Road, Billerica, MA 01862; Phone (978) 667-1711.

lawsuit by adding additional claims, unless he demonstrates good cause why he should be permitted to assert new claims in view his three-strike litigant status.

III.     Order For Issuance of a Summons and Service by the United States Marshal Service

In light of the above, this Court will permit this action to proceed at this time, and directs the Clerk to issue a summons with respect to Superintendent Patrick Murphy.[6]  Additionally, since Davis is proceeding *in forma pauperis*, the Court directs the Unites States Marshal Service to effect service of the Second Amended Complaint and this Memorandum and Order on Superintendent Murphy, and to advance the costs of service.

IV.     Declination to Appoint Counsel

This Court previously denied Davis's request for appointment of *pro bono* counsel for the reasons set forth in the Memorandum and Order (Docket No. 4).  Davis has renewed his request in the Second Amended Complaint; however, at this juncture, the Court still cannot find that appointment of *pro bono* counsel is warranted.  The Court cannot adequately gauge the merits of Davis's claims nor can it find that exceptional or unique circumstances exist at this time to warrant appointment of counsel.  Davis may renew his request only after the Defendant has filed a responsive pleading, upon good cause shown in light of the responsive pleading.

V.     Denial of Emergency Requests for Injunctive Relief

---

[6] Although Davis asserts additional claims with respect to free exercise of religion that otherwise would be barred by the three-strikes rule of 28 U.S.C. § 1915(g) if asserted in a separate action, because these claims do not involve any imminent danger of serious physical harm, this Court will permit the entire case to proceed as set forth in the Second Amended Complaint, which shall be the operative pleading in this case, as modified by this Memorandum and Order.

In the Second Amended Complaint, Davis seeks preliminary injunctive relief in the form of Orders directing the prison to grant him all of the relief sought in this action. He also seeks a restraining Order against Officer McGrath from coming near him. Again, absent a response to the allegations in the Complaint, this Court cannot find that Davis is likely to succeed on the merits, or that the harm to the defendant or the public interest does not outweigh the harm to Davis. In short, the request for preliminary relief in any form is premature, and this Court will not entertain such requests on an *ex parte* basis. Accordingly, any request for preliminary injunctive relief contained in the Second Amended Complaint is DENIED without prejudice to Davis's renewal (by a duly-filed motion) after a responsive pleading has been filed, and upon good cause shown in accordance with Fed. R. Civ. P. 65.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's request for appointment of *pro bono* counsel (contained in the Second Amended Complaint) is DENIED;

3. Plaintiff's requests for preliminary injunctive relief (contained in the Second Amended Complaint) are DENIED;

4. All claims against the Woburn Superior Court, the Middlesex Superior Court, and the Billerica House of Correction are DISMISSED and the Clerk shall terminate these parties on the Court's docket;[7]

5. Patrick Murphy, Superintendent of the Billerica House of Correction, shall be SUBSTITUTED as a Defendant in this action;

6. The Clerk shall issue a summonses with respect to Superintendent Patrick Murphy;

---

[7]This Order is not intended as a separate and final judgment.

7. The Clerk shall send the summons, a copy of the Second Amended Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendant in accordance with Federal Rule of Civil Procedure 4(m); and

8. The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summonses, Complaint, and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE

DATED: April 7, 2011